UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIR LATIF AHMAD, | ) CASE NO. C05-0853-RSL |
| Petitioner, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| MICHAEL CHERTOFF, et al., | ) |
| Respondents. | ) |

## INTRODUCTION AND BACKGROUND

On May 6, 2005, petitioner Mir Latif Ahmad filed, *pro se*, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his final order of removal to Afghanistan. (Dkt. #1). On May 25, 2005, petitioner filed, through counsel, an Amended Petition for Writ of Habeas Corpus (Dkt. #7), along with an Emergency Motion for Stay of Removal (Dkt. #8). Petitioner asserts that the Board of Immigration Appeals ("BIA") erred in finding him ineligible for asylum, withholding of removal, relief under the Convention Against Torture, and discretionary waivers under Sections 212(c) and 212(h) of the Immigration and Nationality Act. Petitioner requests that the Court release him on bond and stay his removal pending consideration of his legal claims.

On May 26, 2005, respondents filed an opposition to petitioner's motion for stay and, additionally, moved to dismiss Petitioner's habeas petition. (Dkt. #10). Respondents contend that pursuant to the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, enacted into law on

REPORT AND RECOMMENDATION
PAGE -1

May 11, 2005, the District Court does not have jurisdiction over challenges to a final order of removal or requests for stay, and that any such habeas petitions must be dismissed. (Dkt. #10 at 3).

In light of the recent enactment of the REAL ID Act of 2005, I recommend that the Court grant a temporary stay of removal and transfer this action to the United States Court of Appeals for the Ninth Circuit as a Petition For Review.

<u>TRANSFER OF JURISDICTION</u>

On May 11, 2005, the President signed into law the REAL ID Act of 2005. REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231. Under Section 106(a)(1)(B) of the REAL ID Act, two new paragraphs (4 and 5) were added to 8 U.S.C. § 1252(a). Paragraph 5 of 8 U.S.C. § 1252(a) has particular relevance to this case; it provides:

> (5) EXCLUSIVE MEANS OF REVIEW.--Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005) (Division B, Section 106(a)(B)). This provision explicitly deprives this Court of jurisdiction under 28 U.S.C. § 2241 to review an order of removal entered under the Immigration and Nationality Act. Moreover, Section 106(b) of the REAL ID Act explicitly provides that Section 106(a) is retroactive: "subsection (a) shall take effect upon the date of enactment of this division and shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of enactment." Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005) (Division B, Section 106(a)(B)).

Although petitioner argues that he should be released on bond, he has not argued that his

detention is unlawful, nor are there any substantive issues raised in petitioner's habeas petition regarding his detention. Rather, it is clear that petitioner is seeking a stay of removal pending judicial review of a final administrative order of removal. Accordingly, under the REAL ID Act, this Court no longer has jurisdiction to entertain this action.

However, an avenue of judicial review that was previously unavailable to petitioner was opened by the REAL ID Act. Under the prior version of 8 U.S.C. § 1252(a)(2)(C), the courts of appeals were deprived of jurisdiction to review removal orders entered against certain criminal aliens, including aliens like petitioner who have been found removable as aggravated felons. Section 106(a)(1)(A)(iii) of the REAL ID Act restores limited jurisdiction in the courts of appeals to review removal orders entered against criminal aliens by amending 8 U.S.C. § 1252(a)(2) as follows:

> (D) JUDICIAL REVIEW OF CERTAIN LEGAL CLAIMS.--Nothing in subparagraph (B) or (C), or in any other provision of this Act (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005) (Division B, Section 106(a)(1)(A)(iii)). Additionally, Section 106(c) of the REAL ID Act provides that if any § 2241 habeas corpus case challenging a final administrative order of removal, deportation, or exclusion is pending in a district court on the date of enactment, "then the district court shall transfer the case (or any part of the case that challenges the order of removal ...) to the [appropriate] court of appeals." Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005) (Division B, Section 106(c)). Accordingly, this action should be transferred to the Ninth Circuit Court of Appeals for resolution as a Petition for Review in accordance with Section 106(c) of the REAL ID Act. Because this action must be transferred to the Ninth Circuit, petitioner's removal from the United States should be stayed to permit him to renew his motion for stay of removal in the Court of Appeals.

/ / /

/ / /

REPORT AND RECOMMENDATION
PAGE -3

## CONCLUSION

For the foregoing reasons, I recommend that respondents be enjoined from removing petitioner Mir Latif Ahmad from the United States pending further order of the United States Court of Appeals for the Ninth Circuit, and that this case be transferred to the Ninth Circuit as a Petition For Review pursuant to Section 106(c) of the REAL ID Act. A proposed Order accompanies this Report and Recommendation

DATED this  31st  day of  May , 2005.

_____
Mary Alice Theiler
United States Magistrate Judge