UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MIR LATIF AHMAD,

    Petitioner,

  v.

MICHAEL CHERTOFF, *et al.*,

    Defendants.

Case No. C05-853L

ORDER REGARDING MOTION FOR EMERGENCY STAY OF REMOVAL

This matter comes before the Court on petitioner's "Motion for Emergency Stay of Removal Pending Decision on Report and Recommendation" (Dkt. # 14). In his motion, petitioner asks this Court to issue an order staying petitioner's removal pending consideration of, and objections to, the Report and Recommendation (Dkt. # 13) entered by Judge Theiler.

Petitioner argues that a stay is warranted because the habeas petition, as well as the Report and Recommendation, raise serious legal questions and the balance of hardships tips sharply in his favor. See Farqui v. DHS, 360 F.3d 985, 989 (9th Cir. 2004) (holding that in order to obtain a stay, petitioner "must show either (1) a probability of success on the merits and the possibility of irreparable injury, or (2) that serious legal questions are raised and the balance of hardships tips sharply in his favor") (internal quotations and alterations omitted).

The respondents do not challenge the merits of petitioner's motion for a stay, but instead contend that the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, deprives this Court

1  of jurisdiction to hear challenges to a final order of removal and, consequently, deprives the
2  Court of jurisdiction to order a stay.  The application of the REAL ID Act to this habeas petition
3  is a question of federal law and, under the circumstances, "[a] federal court always has
4  jurisdiction to determine its own jurisdiction."  Bunyan v. U.S. (In re Bunyan), 354 F.3d 1149,
5  1152 (9th Cir. 2004) (citing U.S. v. Ruiz, 536 U.S. 622, 628 (2002); U.S. v. United Mine
6  Workers of Am., 330 U.S. 258, 291 (1947)).  Until the jurisdictional question has been resolved,
7  this Court retains jurisdiction over the habeas petition and, consequently, may determine
8  whether a stay is appropriate.

9        The Court finds that serious legal questions have been raised by petitioner and that the
10 balance of hardships tips sharply in petitioner's favor.[1]  Petitioner's motion is GRANTED.
11 Respondents are enjoined from removing petitioner from the United States pending this Court's
12 consideration of the Report and Recommendation.

14       DATED this 9th day of June, 2005.

*[signature]*
Robert S. Lasnik
United States District Judge

---

[1] That respondents "voluntarily agree . . . to provide petitioner, through counsel, no less than seven days advance notice of their intention to execute the order of removal and effect the physical removal of the petitioner from the United States" (Dkt. # 15 at p. 3) does not obviate the need for a stay. To the contrary, respondents' voluntary agreement merely underscores the significance of the hardship facing petitioner.

ORDER REGARDING MOTION FOR
EMERGENCY STAY OF REMOVAL

-2-