UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MIR LATIF AHMAD,

             Petitioner,

     vs.

MICHAEL CHERTOFF, Secretary of the
United States Department of Homeland
Security; ALBERTO GONZALES, Attorney
General of the United States; and NEIL
CLARK, Director of Detention and Removal,
Seattle District Office, Immigration and
Customs Enforcement.

             Respondents.

Case No.  C05-0853-RSL

ORDER TRANSFERRING
REMOVAL CLAIM AND
REMANDING DETENTION CLAIM
FOR FURTHER PROCEEDINGS

## I.  Introduction

      This matter comes before the Court on the Report and Recommendation of the

Honorable Mary Alice Theiler, United States Magistrate Judge (Dkt. #13), and on "Petitioner's

Objections to Report and Recommendation" (Dkt. #18).  For the reasons set forth herein, the

Court transfers the portion of petitioner's claim that challenges the order of removal to the

United States Court of Appeals for the Ninth Circuit, but retains jurisdiction over the portion

that challenges his continued detention.

## II.  Background

      Mr. Ahmad, a national of Afghanistan, petitioned for a writ of habeas corpus on

May 6, 2005.  The petition challenges a final administrative order of removal that is predicated upon a 1990 criminal conviction for child molestation.  The petition also challenges the legality of Mr. Ahmad 's mandatory detention pursuant to 8 U.S.C. § 1226(c).  Petitioner and the government agree that the newly enacted REAL ID Act strips the Court of jurisdiction over the portion of the habeas petition challenging the removal order; however, they disagree as to whether the Act also divests the Court of jurisdiction to entertain the custodial challenge.[1]

### III.  Discussion

The REAL ID Act, codified at 8 U.S.C. § 1252, strips the various district courts of subject matter jurisdiction over certain classes of habeas petitions and vests that jurisdiction exclusively in the Courts of Appeals.  8 U.S.C. § 1252(a)(5), as amended by § 106(a)(1)(B) of the REAL ID Act, provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act . . . .

8 U.S.C. § 1252(a)(5) (1995).  Notably, the Act applies not only to new habeas petitions, but also to petitions–like Mr. Ahmad's–which were pending on the date of enactment.  REAL ID Act of 2005 § 106(b), Pub. L. No. 109-12, 119 Stat. 231 (May 11, 2005).  The Act mandates that any pending petition be transferred from the District Court to the appropriate United States Court of Appeals:

> If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (*or the part of the case that challenges the order or removal, deportation, or exclusion*) to the court of appeals for the circuit in which a petition for review could have been properly filed . . . .

---

[1] As noted in the "Order Regarding Motion for Emergency Stay of Removal," this Court has jurisdiction to determine its own jurisdiction. <u>Bunyan v. U.S. (In re Bunyan)</u>, 354 F.3d 1149, 1152 (9th Cir. 2004) (citing <u>U.S. v. Ruiz</u>, 536 U.S. 622, 628 (2002); <u>U.S. v. United Mine Workers of Am.</u>, 330 U.S. 258, 291 (1947)).

ORDER TRANSFERRING REMOVAL CLAIM AND REMANDING
DETENTION CLAIM FOR FURTHER PROCEEDINGS - 2

1   Id. § 106(c) (emphasis added).

2          The foregoing provisions suggest that the REAL ID Act does not create new

3   jurisdictional rules for all classes habeas petitions.  Rather, it affects only those petitions

4   challenging orders of removal, deportation, and exclusion.  No other conclusion is logical;

5   Congress would not have provided for the apportioned transfer of cases unless it contemplated

6   that the jurisdictional regime governing the remaining habeas matters would remain undisturbed.

7   See Armentero v. I.N.S., 2005 WL 1431880 (9th Cir. 2005) (Berzon, J., dissenting) (positing

8   that as a result of REAL ID, "immigration habeas petitions challenging something other than . . .

9   present physical confinement have been largely, if not entirely, eliminated.").  Indeed, this

10  conclusion is entirely consistent with Congressional intent.  See H.R. CONF. REP. NO. 109-72, at

11  175 (2005) ("section 106 would not preclude habeas review over challenges to detention that are

12  independent of challenges to removal orders.  Instead, the bill would eliminate habeas review

13  only over challenges to removal orders.").

14         Therefore, the Court concludes that the propriety of transfer under the REAL ID

15  Act depends upon the nature of petitioner's claim.  Here, the Court is presented with both a

16  challenge to a final administrative order of removal and challenge to custody.  REAL ID

17  § 106(c) provides that where, as here, only a portion of the claim challenges an order of

18  removal, then only that portion shall be transferred.  Consequently, the Court will retain

19  jurisdiction over Mr. Ahmad's custodial challenge.

20

21                              **IV.  Conclusion**

22         Accordingly, it is hereby ORDERED that:

23      (1) The Court adopts the Report and Recommendation in part.

24

25      (2) This Court is without jurisdiction to consider petitioner's challenge to his removal

26  order.  The portion of petitioner's habeas petition challenging the order of removal is hereby

27

28  ORDER TRANSFERRING REMOVAL CLAIM AND REMANDING
    DETENTION CLAIM FOR FURTHER PROCEEDINGS - 3

TRANSFERRED to the United States Court of Appeals for the Ninth Circuit as a Petition for Review pursuant to Section 106(c) of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231.

(3) Respondents are temporarily enjoined from removing petitioner from the United States pending further order of the United States Court of Appeals for the Ninth Circuit.

(4) Because the REAL ID Act does not require or justify the transfer of petitioner's challenge to respondent's detention determination, the portion of petitioner's habeas petition challenging his detention is hereby remanded to United States Magistrate Judge Theiler for consideration on its merits.


DATED this 27th day of July, 2005.


Robert S. Lasnik
United States District Judge

ORDER TRANSFERRING REMOVAL CLAIM AND REMANDING
DETENTION CLAIM FOR FURTHER PROCEEDINGS - 4